## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK,<br>1701 Rhode Island Ave. NW<br>Washington, DC 20036<br><br>*Plaintiff*,<br><br>v.<br><br><br><br>U.S. DEPARTMENT OF EDUCATION,<br>400 Maryland Avenue Southwest<br>Washington, DC 20202<br><br>*Defendant*. | Case No. 1:24-cv-224<br><br>**COMPLAINT** |

## INTRODUCTION

1. Plaintiff National Student Legal Defense Network ("Student Defense") brings this action against the United States Department of Education ("Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.       Because the Department has failed to comply with the applicable time-limit provisions of FOIA, Student Defense is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.       Plaintiff Student Defense is a nonpartisan, non-profit organization incorporated in the District of Columbia. Student Defense's mission is to work, through a variety of means, to advance students' rights to educational opportunity and ensure that higher education provides a launching point for economic mobility. To further its mission, Student Defense gathers information—including through responses to FOIA requests submitted to government agencies—to inform the public via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

6.       Defendant U.S. Department of Education is a department of the executive branch of the United States government headquartered in Washington, D.C. and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of the records that Student Defense seeks.

**STATEMENT OF FACTS**

7. Student Defense works to protect the interests of students in higher education and is particularly focused on combatting abuses by for-profit institutions.

8. One of the ways Student Defense protects students is by promoting robust enforcement actions against bad actors. To that end, Student Defense conducts extensive research and investigations into the Department's enforcement efforts and collection practices against student borrowers and institutions.

9. Student Defense has incorporated this investigative work in its reports about the ways that the Department can improve its enforcement. *See* Aaron Ament & Dan Zibel, *Higher Ed: Protect Students from Predatory Colleges*, 60 DEMOCRACY (Fall 2020); NAT'L STUDENT LEGAL DEF. NETWORK, HOW THE U.S. DEPARTMENT OF EDUCATION CAN USHER IN A NEW ERA OF EQUITY AND CIVIL RIGHTS IN HIGHER EDUCATION, https://www.defendstudents.org/news/body/NSLDN_paper_FSA-Partner-FINAL-1.pdf. Student Defense published a report describing how the Department of Education could build teams across the agency to more effectively pursue enforcement actions. *See* NAT'L STUDENT LEGAL DEF. NETWORK, PROMOTING STUDENT OPPORTUNITY THROUGH ENFORCEMENT-BASED ACCOUNTABILITY: STRENGTHENING POSTSECONDARY ENFORCEMENT AT THE U.S. DEPARTMENT OF EDUCATION, https://www.100daydocket.org/news/body/docket/100-Day-Docket-Strengthening-Enforcement.pdf.

10. Student Defense also published a report in March 2022 showing that the Department had not issued any subpoenas to any individual or private company since 2018. This report was based on responses to Student Defense's FOIA requests. *See* NAT'L STUDENT LEGAL DEF. NETWORK, THE DEPARTMENT OF EDUCATION IS STILL FAILING TO USE ITS SUBPOENA AUTHORITY TO POLICE PREDATORY ACTORS, https://www.defendstudents.org/news/body/Student-Defense-Subpoena-Policy-Brief.pdf.

11. Over the past few years, Student Defense has continued its investigations into the Department's enforcement and oversight actions and has submitted several FOIA requests concerning enforcement actions, recertifications, letters of credit, unpaid liabilities, loan discharges, and bankruptcy settlements.

12. The requests submitted are relevant and important for advancing the public's understanding of the Department; however, Student Defense has not received responses to several of its FOIA requests.

13. The Department's delay stands in stark contrast to the stated policy of the United States that the "[t]imely disclosure of records is … essential to the core purpose of FOIA," and that agencies should approach FOIA requests with a "presumption of openness." *See* U.S. Attorney General Merrick Garland, Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines at 1, 3–4 (March 15, 2022), https://www.justice.gov/ag/page/file/1483516/download.

**Student Defense's FOIA Requests: Enforcement**

14. In order to participate in any Title IV, Higher Education Act (HEA) program, an institution must be certified as eligible by the Secretary. 34 CFR § 668.13. In order for an institution of higher education ("IHE") to be certified as eligible for Title IV programs, the Secretary must determine that the institution is eligible under 34 CFR § 668.8, and meets financial responsibility and administrative capacity standards. 34 CFR § 668, 34 CFR § 668.13(a), s*ee generally* §§ 600 *et seq*. Each IHE is prohibited from making substantial misrepresentations about the nature of its educational program, its financial charges, or the employability of its graduates. 34 CFR § 668.71(b). IHEs are also barred from using aggressive or deceptive recruitment tactics. 34 CFR § 668.500.

15. When IHEs violate those standards, the Department may enforce them through a variety of means, including emergency actions, fines, discharge of loans, or limitation, suspension, or termination of the IHE's participation in Title IV programs. 34 CFR § 668.81.

16. IHEs must be accredited by a nationally recognized accrediting agency. 34 CFR § 600.2, 34 CFR § 600.4, 34 CFR § 602.2. Accreditors send their accreditation decisions to the Department, which can use them for enforcement actions.

17. Student Defense has requested information about the Department's enforcement activity in general, as well as the Department's oversight of particular

IHEs of interest to Student Defense, including Saba University School of Medicine and Walden University.

### FOIA Request 1: Communications with the White House

18. On July 20, 2023, Student Defense submitted FOIA Request No. 23-02326-F for all communications between the Office of the Under Secretary and the White House from January 12, 2021 through July 20, 2023.

19. Enforcement and accountability are major priorities of this White House. "President Biden has called for a higher education system that's not only more affordable, but more accountable to students, families and taxpayers. . . . This Administration is committed to holding colleges accountable when they fail to live up to those goals." U.S. Dep't of Educ., *Fact Sheet: Increasing College Accountability*, https://www2.ed.gov/policy/highered/reg/hearulemaking/2021/accountabiltyfactsheetfin.pdf.

20. On July 21, 2023, the Department acknowledged receipt of the request, stated that it forwarded the request "to the primary responsible office(s) for action," and assigned tracking number 23-02326-F to the request.

21. On October 16, 2023, Student Defense requested a status update, and the Department responded on October 17, 2023, stating that the request was "still being processed."

22. Student Defense has not received any further communication from the Department regarding this request.

**FOIA Request 2: Communications with Accreditors**

23. On June 22, 2022, Student Defense submitted FOIA Request No. 22-03031-F for written notices from accreditors of certain decisions about accreditation, as well as subsequent communications between the Department of Education and the accrediting agencies regarding those decisions, for the time period January 1, 2020 through June 22, 2022. Accrediting agencies provide the Department with written notice of their decisions, including decisions terminating or suspending accreditation or issuing Show-Cause Orders, and disclose the reasons for those decisions.

24. On June 23, 2022, the Department acknowledged receipt of the request, stated that it forwarded the request "to the primary responsible office(s) for action," and assigned tracking number 22-03031-F to the request.

25. On October 16, 2023, Student Defense requested a status update and the Department responded on October 18, 2023, stating that the request was "currently under processing review."

26. Student Defense has not received any further communication from the Department regarding this request.

**FOIA Requests Regarding Specific Schools**

27. Student Defense also represents current and former students against IHEs, often in claims related to fraud and misrepresentation. Information gathered

7

during Department oversight of such schools is important to our work protecting students.

**FOIA Request 3: Department Oversight of Saba University School of Medicine**

28. On October 21, 2022, Student Defense submitted FOIA Request No. 23-00189-F for all Program Participation Agreements (PPAs) and Eligibility and Certification Approval Reports (ECARs) for Saba University School of Medicine from January 1, 2013 through October 21, 2022. Institutions that participate in programs under Title IV of the Higher Education Act must enter into PPAs with the Secretary of Education. The ECAR lists the programs at the institution that are eligible for Title IV financial aid.

29. On October 24, 2022, the Department acknowledged receipt of the request and assigned tracking number 23-00189-F to the request.

30. On October 16, 2023, Student Defense requested a status update. Student Defense has not received any further communication from the Department regarding this request.

**FOIA Request 4: Student Complaints and Accreditor Actions for Saba University School of Medicine**

31. On October 21, 2022, Student Defense submitted FOIA Request No. 23-00188-F for any student complaints about Saba University School of Medicine or communications with accreditors about their actions regarding Saba University School of Medicine.

32. On October 24, 2022, the Department acknowledged receipt of the request and assigned tracking number 23-00188-F to the request.

33. On November 17, 2022, Student Defense narrowed the date range of the items requested to January 1, 2007 through October 21, 2022.

34. On October 16, 2023, Student Defense requested a status update. Student Defense has not received any further communication from the Department regarding this request.

**FOIA Request 5: Change in Ownership of Walden University**

35. On August 9, 2022, Student Defense submitted FOIA Request No. 22-03371-F for documents regarding the change in ownership of Walden University, from Laureate Education Inc. to Adtalem Global Education Inc.

36. On August 24, 2022, the Department acknowledged receipt of the request and assigned tracking number 22-03371-F to the request.

37. On September 8, 2022, Student Defense narrowed the date range of the items requested to January 1, 2020 through August 9, 2022.

38. On October 16, 2023, Student Defense requested a status update and the Department responded on October 20, 2023, stating that the request was "currently under processing review."

39. Student Defense has not received any further communication from the Department regarding this request.

**Exhaustion of Administrative Remedies**

40. As of the date of this complaint, the Department has failed to:

(a) notify Student Defense of any determination regarding FOIA Requests Nos.

- 22-03031-F
- 22-03371-F
- 23-00188-F
- 23-00189-F
- 23-02326-F

(collectively the "FOIA Requests"), including the scope of any responsive records the Department intends to produce or withhold and the reasons for any withholdings; or

(b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

41. By the Department's failure to respond to the FOIA Requests within the period required by law, Student Defense has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

42. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

43. Student Defense properly requested records within the Department's possession, custody, and control.

44. The Department is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

45. The Department has failed to promptly review agency records for the purpose of locating those records that are responsive to the FOIA Requests.

46. The Department's failure to conduct adequate searches for responsive records violates FOIA.

47. Student Defense is therefore entitled to injunctive and declaratory relief requiring the Department to promptly make reasonable efforts to search for records responsive to the FOIA Requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

48. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

49. Through the FOIA Requests, Student Defense properly requested records within the Department's possession, custody, and control.

50. The Department is an agency subject to FOIA and must therefore release any non-exempt records in response to the FOIA Requests and provide a lawful reason for withholding any materials.

51. By failing to produce documents responsive to the FOIA Requests, the Department is wrongfully withholding non-exempt agency records.

52. The Department's failure to provide all non-exempt responsive records violates FOIA.

53. Student Defense is therefore entitled to declaratory and injunctive relief requiring the Department to promptly produce all non-exempt records

responsive to the FOIA Requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Student Defense respectfully requests the Court to:

1. Order the Department to conduct searches reasonably calculated to locate all records responsive to the FOIA Requests;

2. Order the Department to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the FOIA Requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

3. Enjoin the Department from continuing to withhold any and all non-exempt records responsive to the FOIA Requests;

4. Award Student Defense the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant Student Defense such other relief as the Court deems just and proper.

Dated: January 25, 2024                     Respectfully submitted,

*/s/ Eric Rothschild*
Eric Rothschild
D.C. Bar No. 1048877
National Student Legal Defense Network
1701 Rhode Island Ave. NW
Washington, D.C. 20036

12

eric@defendstudents.org
(202) 734-7495