UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>*Defendant.* | Civil Action No. 24-0224 (TJK) |

**JOINT STATUS REPORT**

Pursuant to the Court's December 22, 2024, Minute Order, Plaintiff, the National Student Legal Defense Network, and Defendant, the Department of Education (collectively, "the Parties"), by and through undersigned counsel, respectfully submit the following joint status report.

Plaintiff filed its complaint on January 25, 2024, ECF No. 1, regarding their five Freedom of Information Act ("FOIA") requests made to the Department of Education. On April 15, 2024, Defendant made its first interim response and production to Plaintiff's request 22-03371-F. On May 15, 2024, Defendant made its second interim and final response to Plaintiff's request 22-03371-F and as part of that response, processed 821 total pages. On June 14, 2024, Defendant made its final production to Plaintiff's request 23-00188-F. Pursuant to the Parties' joint status report, filed on May 24, 2024 (ECF No. 8), Plaintiff indicated that it would withdraw from this litigation its claims related to request 22-03031-F. Accordingly, request 23-02326-F is the final request for which responsive records need to be produced.

Defendant made its first interim response regarding request 23-02326-F on July 31, 2024. As indicated in that response, Defendant processed 786 pages of records and noted that certain

information was being withheld under 5 U.S.C. § 552(b)(5) and (b)(6) ("FOIA Exemptions 5 and 6"). On August 30, 2024, and September 13, 2024, Defendant made its second and third interim responses, respectively, for request 23-02326-F, and, as indicated in the Defendant's correspondence, Defendant processed 750 pages, and, in response, withheld records pursuant to Exemptions 5 and 6 for each response. No responsive materials were produced to Plaintiff in those responses because, as indicated in Defendant's correspondence, the records required consultation with other agencies.

On October 15, 2024, Defendant made its fourth interim response for request 23-02326-F, and as indicated in the Defendant's correspondence, Defendant processed 753 pages and completed its consultations for 786 pages processed in July 2024, and made an interim release connected to the latter. Defendant withheld records pursuant to Exemptions 5 and 6. On November 15, 2024, Defendant made its fifth interim response for request 23-02326-F, and as indicated in the Defendant's correspondence, Defendant processed 750 pages and completed its consultations for 750 pages processed in August 2024, and made an interim release connected to the latter. Defendant again withheld records pursuant to Exemptions 5 and 6. On December 16, 2024, Defendant made its sixth interim response for request 23-02326-F, and as indicated in the Defendant's correspondence, Defendant processed 750 pages and completed its consultations for 750 pages processed in September 2024, and made an interim release connected to the latter. Defendant again withheld records pursuant to Exemptions 5 and 6. On January 14, 2025, Defendant made its seventh interim response for request 23-02326-F, and as indicated in the Defendant's correspondence, Defendant processed 750 pages and completed its consultations for 433 of 750 pages processed in October 2024, and made an interim release connected to the latter. Defendant again withheld records pursuant to Exemptions 5 and 6. At that time, Defendant wrote

"We anticipate being able to release the remainder of the third batch of consults, which were processed in October 2024, and the fourth batch of consults, which were processed in November 2024, by or before the next response deadline." On February 18, 2025, Defendant made its eighth interim response for request 23-02326-F, and as indicated in Defendant's correspondence, Defendant processed 750 pages and completed its consultations for 243 of 750 pages processed in October 2024, and made an interim release connected to the latter. Defendant again withheld records pursuant to Exemptions 5 and 6. Defendant wrote, exactly as it did in January, "We anticipate being able to release the remainder of the third batch of consults, which were processed in October 2024, and the fourth batch of consults, which were processed in November 2024, by or before the next response deadline."

As explained to Plaintiff, Defendant must consult with the White House on all responsive materials. Defendant has indicated that it will process records and share with the White House for consultation at the agreed upon monthly rate of 750 pages.[1] Defendant expects to continue to release records to Plaintiff on a rolling basis as each consultation is completed and anticipates making its next release of at least 750 processed pages with its March 2024 response. Defendant, however, is not in control of the rate of outstanding consultations residing with non-parties to this litigation and, consequently, cannot foresee the precise rate at which releases may be made.[2] Further, Defendant continues to request that Plaintiff consider narrowing the scope of request 23-02326-F. The preliminary search has yielded over 37,000 pages for just one of the requested custodians.

---

[1] Due to the presidential transition, Defendant has been unable to send the pages processed in January 2025 and February 2025 to the White House for consultation. Those pages will be sent to the White House for consultation once the process for FOIA consultations with the White House resumes.

[2] Three consultations – one for certain pages processed in October 2024, one for pages processed in November 2024, and one for pages processed in December 2024 – remain outstanding. Defendant intends to check periodically on the status of those consultations until they are completed.

Plaintiff notes again that a significant portion of recent productions have consisted of multiple copies of a publicly released document, specifically a 750-page Notice of Proposed Rulemaking already published in the Federal Register.  Plaintiff requested that Defendant omit publicly available documents from future productions.  Defendant agreed to do so but explained that it would still count those documents towards its processing obligations.  Plaintiff disagrees with this position on the ground that a determination of public availability, particularly for a lengthy document, should not consume the same processing time as other documents.  Plaintiff declined to narrow the scope in other ways.  Defendant agreed to produce documents in chronological order for future custodians.

The Parties propose they file an additional status report in sixty days, on or before April 21, 2025.

*   *   *

Dated: February 18, 2025

Respectfully submitted,

*/s/ Eric Rothschild*
Eric Rothschild
D.C. Bar No. 1048877
National Student Legal Defense Network
1701 Rhode Island Ave. NW
Washington, D.C. 20036
eric@defendstudents.org
(202) 734-7495

*Counsel for Plaintiff*

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:   */s/ Dedra S. Curteman*
DEDRA S. CURTEMAN,
  D.C. Bar #90021492
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2550

*Attorneys for the United States of America*